IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Randall S. Tyler, #294029, ) | |
| ) | |
| Petitioner, ) | |
| ) | C/A No.: 2:17-cv-0285-TLW |
| v. ) | |
| ) | |
| Warden, Perry Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

# ORDER

Petitioner Randall S. Tyler, proceeding *pro se*, filed this petition pursuant to 28 U.S.C. § 2254 on January 30, 2017. ECF No. 1. On June 5, 2017, Respondent filed a Motion for Summary Judgment. ECF No. 15. Subsequently, Petitioner filed a response in opposition to summary judgment, ECF No. 45, to which Respondent replied, ECF No. 46. This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed on January 30, 2018, by United States Magistrate Judge Mary Gordon Baker, to whom this case was previously assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), (D.S.C.). ECF No. 47. In the Report, the Magistrate Judge recommends that the Court grant summary judgment, dismiss the petition with prejudice, and deny a certificate of appealability. *Id.* The Report also recommends denying Petitioner's request for an evidentiary hearing. *Id.* Thereafter, Petitioner filed timely objections to the Report and a "Motion for Evidentiary Hearing" on March 16, 2018. ECF Nos. 52, 53. This matter is now ripe for disposition.

The Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the relevant case law, the Report, the objections, and all relevant filings. Petitioner has filed objections and a motion for evidentiary hearing, which have been carefully considered. The Magistrate Judge analyzes in significant detail Petitioner's failure to state a legal or factual basis for the Court to grant Petitioner relief in this case. This Court embraces the Magistrate Judge's detailed analysis. Specifically, Petitioner's objections regarding his co-defendant's statement should be overruled because allowing the testimony was properly determined to be harmless error.[1] *See Wiggins v.*

---

[1] The Court notes that the ruling by the state trial judge was pre-*Crawford v. Washington*, 541 U.S. 36 (2004), which clarified the constitutional confrontation issue and the "reliability" and "vagaries of the rules of evidence" analysis at issue in *Ohio v. Roberts*, 448 U.S. 56 1980. *Crawford*, 541 U.S. at 61.

*Boyette*, 635 F.3d 116 (4th Cir. 2011). Further, trial counsel's decision not to object to statements by witness Hutto was a strategic decision employed for a valid reason. *See Strickland v. Washington*, 466 U.S. 668 (1984); *McCaver v. Lee*, 221 F.3d 583 (4th Cir. 2000); *Whitehead v. State*, 417 S.E.2d 530 (S.C. 1992). Lastly, Petitioner's motion for a hearing is denied, as it would not change the analysis and conclusion reached by the Magistrate Judge, fails to show that he would prevail on the instant Petition, and the Court finds that Petitioner was given a full and fair opportunity to present evidence and that his claims were adjudicated on the merits in state court. *See Juniper v. Zook*, 876 F.3d 551 (4th Cir. 2017) ("A petitioner who has diligently pursued his habeas corpus claim in state court is entitled to an evidentiary hearing in federal court, on facts not previously developed in the state court proceedings, if the facts alleged would entitle him to relief, and if he satisfies one of the six factors enumerated by the Supreme Court in *Townsend v. Sain*, 372 U.S. 293, 313, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963)."). Thus, Petitioner's objections should be overruled and his motion for a hearing should be denied.

For the reasons stated by the Magistrate Judge and those stated herein, **IT IS ORDERED** that the Report, ECF No. 47, is **ACCEPTED**, and the Petitioner's objections, ECF No. 52, are **OVERRULED**. Further, as stated above and in light of the dismissal of the Petition, Petitioner's Motion for Evidentiary Hearing, ECF No. 53, is **DENIED**. After careful consideration, Respondent's Motion for Summary Judgment, ECF No. 15, is hereby **GRANTED**, and the Petition, ECF No. 1, is **DISMISSED** with prejudice.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2254 Proceedings. The Court concludes that it is not appropriate to issue a certificate of

appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

                                                     *s/Terry L. Wooten*_____
                                                    Chief United States District Judge

March 28, 2018
Columbia, South Carolina